UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THOMAS WRAY HERNDON,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF NEVADA ex rel. NDOC, *et al.*,<br><br>  Defendants. | Case No. 3:22-CV-00271-ART-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS PREMATURE**<br><br>[ECF No. 24] |

This case involves a civil rights action filed by Plaintiff Thomas Wray Herndon ("Herndon") against Defendants Deputy Director Brian Williams ("Williams"), Acting Warden Tim Garrett ("Garrett"), Deputy Director Harold Wickham ("Wickham"), Caseworker C. Potter ("Potter"), and Chaplain Davis ("Davis") (collectively referred to as "Defendants"). Currently pending before the Court is Herndon's motion for summary judgment. (ECF No. 24.) Defendants responded, (ECF No. 25), and Herndon replied. (ECF No. 29.) For the reasons stated below, the Court recommends that Herndon's motion for summary judgment, (ECF No. 24), be denied as premature.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On June 16, 2022, Herndon submitted a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed in forma pauperis for events that occurred while Herndon was incarcerated at Lovelock Correctional Center ("LCC"). (ECF Nos. 1, 1-1.) On August 12, 2022, the District Court entered a screening order on Herndon's complaint, allowing Herndon to proceed on the following claims: (1) First Amendment free exercise and RLUIPA; (2) First Amendment Establishment Clause; and (3) Fourteenth Amendment equal protection. (ECF No. 3 at 13.) Each claim was allowed to proceed against the following Defendants: Williams, Garrett, Whickham, Potter, and Davis. *Id.*

Defendants filed their answer on February 6, 2023. (ECF No. 14.) On February

13, 2023, the Court issued an order setting a mandatory case management conference and the exchange of initial disclosures. (ECF No. 15.) In that order, the Court explained:

> Notwithstanding Federal Rules of Civil Procedure 26(a)(1)(B), the court finds that initial disclosures would be helpful in managing this action under Federal Rule of Civil Procedure 16, taking into account the extent of prisoner litigation in this district, the desire to manage those cases efficiently, the desire to secure the just, speedy, and inexpensive determination of this case, the importance of the issues at stake, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and the value of initial disclosure of information obtained through the administrative grievance process. Accordingly, *all parties are hereby ordered to provide initial disclosures with the following information*.

(*Id.* at 2 (emphasis added) (internal citations omitted).) At the case management conference on March 3, 2023, the Court expressly explained Herndon's discovery obligations. (ECF No. 18[1].) During the hearing, the Court recommended that Herndon review the Federal Rules of Civil Procedure regarding discovery as well as the Local Rules of Practice for the District of Nevada. (*Id.* at 2.) The Court also "explain[ed] that Mr. Herndon is expected to conduct discovery in his case and not rely on discovery in other inmate cases." (*Id.*)

Additionally, on March 6, 2023, the Court entered a scheduling order that ordered the exchange of initial disclosures. (ECF No. 19.) Specifically, the Court ordered:

> All parties are required to produce information, items, and documents in their possession or control relevant to their own and other parties' claims and defenses, using the concept of relevance set forth in Rule 26(b)(1). Mandatory Disclosures must include all relevant information that, to the party's or the party's employer's knowledge, pertains to any party's claims or defenses in this case, including the names of individuals likely to have discoverable information, along with the subject of the information. The parties must also produce all information, items, documents, photographs, and video or audio recordings in their or their employer's possession or control that are relevant to the issues in this case. Disclosures may be made in a redacted form, if necessary, for security or privilege purposes.

---

[1]   ECF No. 18 consists of the minutes of the March 3, 2023, case management hearing.

(*Id.* at 2.) The Court further ordered "[i]f initial disclosures have not already been served, the parties' mandatory disclosures must be served **no later than 30 days from the date of this order** unless disclosures are stayed." (*Id.* at 3 (emphasis original).) The scheduling order also specified that discovery opened on March 6, 2023. (*Id.* at 1.)

On April 14, 2023, Herndon filed a motion for summary judgment. (ECF No. 24.) Defendants responded, (ECF No. 25), and Herndon replied. (ECF No. 29.) The motion for summary judgment was filed just over one month after discovery commenced. The claims underlying this lawsuit relate to Herndon's ability to participate in the 2020 Passover services as a Messianic Jew. (ECF No. 24 at 2-5.) Herndon argues he is entitled to summary judgment because the undisputed facts show that his rights under the First Amendment free exercise clause, First Amendment establishment clause, Fourteenth Amendment equal protection clause, and the RLUIPA were violated by all Defendants. (*Id.* at 8-19.) Herndon also argues that Defendants improperly asserted all affirmative defenses and are not entitled to qualified immunity. (*Id.* at 19-28.)

Defendants argue Herndon's motion for summary judgment fails because: (1) Defendants did not substantially burden Herndon's right to religious exercise and the NDOC policy in question was implemented in furtherance of a legitimate penological purpose; (2) Defendants did not prefer other religions over Messianic Judaism; (3) Defendants did not discriminate against Herndon on the basis of his religion; (4) Garrett, Whickham, Potter, and Davis were not personally involved in the underlying allegations; (5) Defendants are entitled to qualified immunity; and (6) Herndon violated the Federal Rules of Civil Procedure and the Court's orders by failing to comply with initial disclosure requirements and improperly utilizes exhibits. (ECF No. 25.) In the alternative, Defendants request the Court grant summary judgment in their favor pursuant to the Court's authority under Federal Rule of Civil Procedure 56(f).[2] (*Id.* at 2, 7-11, 13-16, 18.)

---

[2]   The Court declines to exercise that authority.

In his reply, Herndon reiterates the arguments made in the motion for summary judgment and addresses some of the arguments in Defendants' opposition. (ECF No. 29.) As to the issue of initial disclosures and exhibits to the motion for summary judgment, Herndon argues he does not have to provide any initial disclosures because Federal Rule of Civil Procedure 26(a)(1)(B)(iv) provides an exemption from the requirement for *pro se* inmate cases. (*Id.* at 11-12.) He contends that because of that provision, he does not "have to follow an invalid order pertaining to that said rule." (*Id.* at 12.) Herndon also admits that he used records from another inmate's case but argues there is no harm to Defendants. (*Id.*)

## II.   MOTION FOR SUMMARY JUDGMENT

"Motions for summary judgment can be filed at any time but are often denied as premature when submitted before the parties have had time to conduct at least some discovery." *Smith v. Jones*, No. 3:20-CV-0504-MMD-CLB, 2021 WL 5968455, *1 (D. Nev Dec. 6, 2021) (citing *Celotex Corp. v. Catreet*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotations omitted)). Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56 (Advisory Committee's Notes (2010 Amendments Subdivision (b)).

From statements made by Defendants in their opposition to Herndon's motion for summary judgment, it is apparent that Defendants have not had the opportunity to pursue discovery in this case. Defendants state that they "have not received Herndon's Initial Disclosures or any document informing the Defendants of which documents Herndon intended to use to support his claims or defenses." (ECF No. 25 at 17.) Defendants also provide a declaration from Deputy Attorney General Andrew C. Nelson stating the same. (ECF No. 25-5.)

The vast majority of the 286 pages of attached exhibits to Herndon's motion for summary judgment are documents that were provided as discovery in *other* cases – involving parties *other* than Herndon. These documents are clearly not discovery from

this case, as can be seen from the presence of other case numbers and bates numbering from other cases. For example:

- Documents that are bates stamped with "JOSEPH 289: Def. Supl. Resp. to RFPDs [1]." (ECF No. 24 at 29-169.)
- Multiple responses to discovery requests, Requests for Admissions by the Plaintiff,[3] and Defendant's motion for summary judgment in the case *Joseph v. State of Nevada ex rel. NDOC, et al.*, No.3:21-cv-00289-RCJ-CSD (D. Nev. filed July 1, 2021).[4] (ECF No. 24 at 170-206, 253-259, 284-306.)
- Multiple responses to discovery requests and documents containing ECF filing information that is automatically populated on documents filed on CM/ECF, the Court's electronic filing system, for the case *Enriquez v. State of Nevada Department of Corrections, et al.*, No. 3:21-cv-00085-ART-CSD (D. Nev. filed Feb. 17, 2021).[5] (ECF No. 24 at 207-252.)
- Documents that are bates stamped with "ENRIQUEZ 085: Def. Garrett Resp. to RFPD [1]." (*Id.* at 307-311.)

Herndon also includes an affidavit of Justin O. Langford, the "Legal Assistant/Paralegal" who assisted Herndon in submitting his motion for summary judgment. (*Id.* at 1, 313-314.) Curiously, the affidavit contains scratched out portions at the top that match the size of the ECF filing information automatically populated on CM/ECF. The Court suspects that this affidavit may also be a filing from a separate lawsuit. In his reply, Herndon admits that he used records from another inmate's case.

---

[3] This document was prepared by Justin O. Langford, the "Legal Assistant/Paralegal" who filed the instant motion for summary judgment. (ECF No. 24 at 259.)

[4] Review of the docket for this case shows that the litigation involves a civil rights complaint by one Plaintiff, Martin Joseph, an inmate of the NDOC residing at LCC.

[5] Review of the docket for this case shows that the litigation involves a civil rights complaint by one Plaintiff, Antonio Enriquez, an inmate of the NDOC residing at LCC.

(ECF No. 29 at 12.)

The statements and declarations provided by Defendants in combination with the exhibits attached to Herndon's motion for summary judgment and Herndon's statements in his reply make it clear that Defendants have not had an opportunity to pursue discovery in this case. Therefore, the Court finds Herndon's motion for summary judgment is premature pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. *Smith v. Jones*, 2021 WL 5968455 at *1 ("Motions for summary judgment can be filed at any time but are often denied as premature when submitted before the parties have had time to conduct at least some discovery."). Therefore, the motion for summary judgment should be denied to allow for both parties to complete discovery.[6]

///

---

[6] If the Court were to reach the merits of the motion at this stage, Herndon's motion would likely fail because he fails to meet his burden as the moving party. In order for a motion for summary judgment to be granted, the parties must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019). The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id*.

Here, in addition to being unauthenticated, the vast majority of the documents provided by Herndon in support of this motion for summary judgment are not from the record in this case and cannot be relied upon to support Herndon's argument that there is no genuine dispute of material facts. As the moving party with the burden of proof at trial, Herndon has an affirmative duty to provide evidence to support his motion for summary judgment and his failure to do so seems to doom the motion entirely. *Id*.

### III. DISCOVERY ISSUES

In addition to being the reason why the motion for summary judgment is denied as premature, the Court finds that the lack of discovery in this case is troubling. Herndon contends that he "does not have to conduct discovery if the evidence is readily available to him by other means." (ECF No. 24 at 10.) Herndon also argues that he does not have to provide any initial disclosures because Federal Rule of Civil Procedure 26(a)(1)(B)(iv) provides an exemption from the requirement for *pro se* inmate cases. (ECF No. 29 at 12.) He contends that because of that provision, he does not "have to follow an invalid order pertaining to that said rule." (*Id.*) Herndon suggests that "[p]eople should really read things before risking looking like a fool." (*Id.*)

However, the Court ordered Herndon to provide initial disclosures pursuant to its authority under Rule 16 and 26 on two separate occasions. (ECF No. 15 at 2, ECF No. 19 at 3.) In 2000, the Federal Rules of Civil Procedure Advisory Committee Notes for Rule 26 were amended to note that "the court can order exchange of similar information in managing the action under Rule 16." Fed. R. Civ. P. 26 (Advisory Committee Note (2000 Amendments)). Additionally, amendments in 1993 clarified that "[t]he enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request." Fed. R. Civ. P. 26 (Advisory Committee Note (1993 Amendment)). Therefore, the Court's orders for the parties to provide initial disclosures is valid under Rule 16 and 26.

The failure to follow the Court's orders is a basis for the Court to impose sanctions. LR IA 11-8(e) ("The court may, after notice and an opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who. . . [f]ails to comply with any order of this court."). Moreover, pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard" may order payment of fees to the opposing party, inform the jury of the failure, or other appropriate sanctions. *Id.* Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). Dismissal is available under the court's inherent power to sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon*, 464 F.3d at 958 (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.,* 69 F.3d 337, 348 (9th Cir. 1995)).

In addition to providing two separate written orders explaining the initial disclosure requirements, the Court also expressly explained Herndon's discovery obligations to him during a case management hearing on March 3, 2023. (ECF No. 18 at 2 ("The Court explain[ed] that Mr. Herndon is expected to conduct discovery in his case and not rely on discovery in other inmate cases.").) On March 6, 2023, the Court issued a scheduling order and discovery plan that ordered "[i]f initial disclosures have not already been served, the parties' mandatory disclosures must be served **no later than 30 days from the date of this order** unless disclosures are stayed." (ECF No. 19 at 3 (emphasis original).) Therefore, Herndon's initial disclosures were due to Defendants on or before April 5, 2023. As of May 5, 2023, the date Defendants filed their opposition to the motion for summary judgment, Defendants had not received Herndon's initial disclosures. (ECF No. 25 at 17.) The Court will give Herndon one final opportunity to comply with the Court's orders to provide initial disclosures, (ECF No. 15, 18, 19). Herndon is therefore ordered to provide initial disclosures within fourteen days of the filing of this order. The Court will consider possible sanctions should Herndon fail

to comply with this order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Herndon's Motion for Summary Judgment, (ECF No. 24), is **DENIED without prejudice as premature**. Herndon is permitted to file a renewed summary judgment motion in accordance with the Discovery Plan and Scheduling Order after discovery closes in this case.

**IT IS FURTHER ORDERED** that Herndon provide Defendants with his initial disclosures, as required by the Court's orders at ECF No. 15 and 19, **within fourteen days** of the issuance of this order.

**DATED**: _June 14, 2023_.

_____
**UNITED STATES MAGISTRATE JUDGE**