UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Thomas Wray Herndon,

Plaintiff,

v.

State of Nevada ex rel, NDOC, *et al.*,

Defendants.

Case No. 3:22-CV-00271-ART-CLB

ORDER

*Pro se* Plaintiff Thomas Herndon brings this action under 42 U.S.C. § 1983 against Defendants against Defendants Scott Davis ("Davis"), Tim Garrett ("Garrett"), Carter Potter ("Potter"), Brian Williams ("Williams"), and Harold Wickham ("Wickham"). Plaintiffs alleges that he is a Messianic Jew and was denied participation in 2020 Passover.

Before the Court is Defendants' motion for summary judgment (ECF No. 37.) Plaintiff filed an opposition to the motion (ECF No. 41), and Defendants filed a reply. (ECF No. 42.) United States Magistrate Judge Carla L. Baldwin has issued a Report and Recommendation ("R&R") recommending granting in part and denying in part Defendants' motion for summary judgment (ECF No. 43). Plaintiff filed an objection to that R&R. (ECF No. 44), and Defendants filed a response (ECF No. 45.)

Judge Baldwin's R&R recommended that Defendants' motion for summary judgment be denied as to Defendants Davis and Williams for Plaintiff's First Amendment Free Exercise, First Amendment Establishment Clause, and Fourteenth Amendment equal protection claims, that Defendants' motion be granted as to Defendants Potter, Garrett, and Wickham, who should be dismissed

from all claims, and that Defendants' motion be granted as to Plaintiff's RLUIPA claim based on mootness. (ECF No. 43 at 18-19.) Judge Baldwin's R&R also recommended that Defendant's assertion that they are entitled to qualified immunity be denied. (*Id.*) Defendants did not object to the magistrate judge's recommendations and requested that the R&R be adopted in full. (ECF No. 45.)

For the reasons identified below, the Court overrules Plaintiff's objections, adopts Judge Baldwin's R&R, and grants in part and denies in part Defendants' motion for summary judgment.

## I. BACKGROUND

Upon review, the Court agrees with and adopts the magistrate judge's factual and procedural history in full:

### A. Procedural History

Herndon is an inmate presently incarcerated in the Nevada Department of Corrections ("NDOC") and housed at the Lovelock Correctional Center ("LCC"). On June16, 2022, Herndon submitted a civil rights complaint under 42 U.S.C. § 1983 for events that occurred while Herndon was incarcerated at LCC. (ECF Nos. 1, 1-1.) The claims underlying this lawsuit relate to Herndon's ability to participate in the 2020 Passover services as a Messianic Jew. On August 12, 2022, the District Court entered a screening order on Herndon's complaint, allowing Herndon to proceed on the following claims: (1) First Amendment free exercise, (2) violation of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000 ("RLUIPA"); (3) First Amendment Establishment Clause; and (4) Fourteenth Amendment equal protection. (ECF No. 3 at 13.) Each claim was allowed to proceed against the following Defendants: Williams, Garrett, Wickham, Potter, and Davis. (*Id.*)

On November 29, 2023, Defendants filed the instant motion arguing summary judgment should be granted because: (1) Defendants did not substantially burden Herndon's right to religious exercise and the NDOC policy

in question was implemented in furtherance of a legitimate penological purpose; (2) Defendants did not prefer other religions over Messianic Judaism; (3) Defendants did not discriminate against Herndon on the basis of his religion; (4) Garrett, Wickham, Potter, and Davis were not personally involved in the underlying allegations; (5) Herndon's request for relief under RLUIPA is moot; and (6) Defendants are entitled to qualified immunity. (ECF No. 37.)

**B. Factual Summary**

The following facts are undisputed: At the time relevant to this action, Defendant Williams was employed as the Deputy Director of Programs for the NDOC. (ECF No. 37-4.) Defendant Garrett was employed as the Warden of LCC. (ECF No. 37-6.) Defendant Wickham was employed as the Deputy Director of Operations for the NDOC. (ECF No. 37-12.) Defendant Potter was employed as a Correctional Caseworker Specialist at LCC. (ECF No. 37-5.) Defendant Davis was employed as a Chaplain at LCC. (ECF No. 37-10.)

Administrative Regulation ("AR") 810 is the regulation promulgated by NDOC related to religion issues as required by NRS 209.131.2.[1] AR 810.02 recognizes that resources are limited, and in recognition of the limited resources, AR 810.02(2) provides programs and activities to be established and governed by the "Religious Practice Manual." (*Id.*) The Religious Practice Manual is promulgated under AR 810.3. (ECF No. 37-1.) AR 810.3 details requirements for inmates who wish to request special Holy Day food. (*Id.* at 18-20.) Specifically, inmates are required to submit a written Inmate Request Form ("Kite") to the Chaplain/Designee, at least 60 days but no more than 70 days in advance of the holy day. (*Id.* at 18-19.)

---

[1] AR 810 Religious Faith Group Activities and Programs, Nevada Department of Corrections, https://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20810%20Religious%20Faith%20Group%20Activities%20and%20Programs%20Final%2011-15-16.pdf (last visited March 12, 2024).

On December 16, 2019, Herndon submitted a Kite to be placed on the 2020 Passover List. (ECF No. 37-2.) The same day, Defendant Davis noted on the Kite, "You are now on the list for Passover." (*Id.*) In 2020, Passover began on April 8, 2020.

Per NDOC's policies and procedures, inmates are required to sign up for the Common Fare Meal Program ("CFM") and be declared of the Jewish faith in order to receive all Kosher meals during the entire period of Passover. (ECF Nos. 37-3; 37-4.) Herndon signed up for CFM on February 9, 2020, and his request was approved on March 9, 2020. (ECF No. 37-7.)

On March 3, 2020, NDOC Deputy Director Williams issued a Memorandum ("March 3rd Memo") detailing that NDOC would be making exceptions to this procedure and attempting to obtain additional meals for Passover. (ECF No. 37-3; 37-4.) Specifically, two actions were to take place in order for inmates to receive Kosher for Passover: (1) that the institutional chaplain verify that the inmate's declared faith is Jewish; and (2) that the inmate sign up for CFM no later than 7 days prior to the start of Passover. (*Id.*) However, in order to take advantage of the one-time only accommodation for 2020, NDOC inmates were required to submit a Kite to the Institutional Chaplain within two calendar days of receiving the Memo. (*Id.*) On March 15, 2020, Herndon submitted a Kite requesting to be placed on the full Passover list. (ECF No. 37-9.)

On April 7, 2020, Herndon submitted an informal grievance, Grievance No. 2006-30-99537, regarding the alleged denial of his Passover meals. (ECF No. 37-8.)

In response to the informal grievance, Potter stated:

> You have alleged that through being denied Kosher for Passover meals, you are being forced to violate the tenants of your Messianic Jewish faith. Information available through Jewish Voice Ministries indicates that while some Messianic Jews do follow Jewish dietary laws, that there is no such requirement for Messianic Jews to observe Jewish dietary laws. Those who do not participate in the Common

> Fare Diet but then want to participate in the special food available during Passover have additional questions raised about the sincerity of their beliefs on the subject. It appears that your desire to participate in the Kosher for Passover meals is a matter of personal preference.

(*Id.* at 12.)

Herndon appealed Grievance No. 2006-30-99537 to the first level, stating he applied for CFM on February 12, 2020, and was approved on March 16, 2020. Thus, he complied with both requirements to receive the Passover meals. He further stated that he has "kept Passover" since 2016 and denying him unleavened bread and Kosher for Passover is a violation of the tenants of his Messianic faith. (*Id.* at 5.)

In response to the First Level Grievance, Warden Garrett responded:

> [t]he issue has been reviewed by Chaplain Davis, Culinary Supervisor Ms. Henry and at the direction of NDOC Deputy Director Williams those inmates who are not Jewish will not receive all meals during Passover, your faith affiliation is noted as Messianic Jewish which is not the same thing. It is noted that you have met one (participate in CFM) of the two criteria to participate in Passover meals but you do not meet the second requirement and as such you only received one meal on one day during Passover. You were advised of this policy change well in advance of Passover in order for you to have the ability to comply with the directive from Deputy Director Williams.

(*Id.* at 3.)

Herndon appealed this grievance to the second level, and Deputy Director Wickham responded to the Second Level Grievance as follows: "As was stated in your First Level Grievance response, the NDOC instituted a change regarding Passover meals and based upon that change you were eligible to receive one meal on one day during Passover. You were advised of this policy change well in advance of Passover." (ECF No. 4 at 37.)

## II. LEGAL STANDARD

### A. Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when

there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

**B. Review of Reports and Recommendations**

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any

review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## III. ANALYSIS

Plaintiff objects to Judge Baldwin's R&R on the basis that (1) Defendants Garrett, Potter, and Wickham are not entitled to summary judgment on all claims in the action due to lack of personal participation, and (2) Plaintiff's claim under RLUIPA is not moot (ECF No. 44.) Accordingly, the Court reviews these issues *de novo*.

### A. Defendants Garrett, Potter, and Wickham – Personal Participation

Personal Participation by a defendant is required for liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "[M]erely denying a grievance without some decision-making authority or ability to resolve the underlying issue grieved is not enough to establish personal participation." *Jackson, v. State of Nevada*, No. 2:16-cv-00995-APG-NJK, 2019 WL 6499106, at *7 (D. Nev. Dec. 3, 2019).

Plaintiff objects to Judge Baldwin's analysis finding that Defendants Garrett, Potter, and Wickham lacked the requisite personal participation for liability under § 1983. Upon review, the only evidence of involvement as to Defendants Garrett, Potter, and Wickham is their responses to Plaintiff's grievances. In their responses to said grievances, all three Defendants reiterated underlying policies. (ECF No. 37-8 at 3, 12; ECF No. 4 at 37.) As this is the only evidence of their involvement, Plaintiff has not established personal participation of Defendants Garrett, Potter, and Wickham.

Thus, the Court finds that Judge Baldwin's analysis of this issue in R&R

was correct and adopts the recommendation as to this issue in full.

**B. Plaintiff's RLUIPA Claim**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000, provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). As stated in Judge Baldwin's R&R, an inmate cannot recover damages under RLUIPA against prison officials. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014). Instead, a plaintiff may only sue under RLUIPA for injunctive or declaratory relief. *Sossamon*, 563 U.S. at 287; *Jones v. Slade*, 23 F.4th 1124, 1140 n.4 (9th Cir. 2022). The March 3rd Memo was applicable to Passover during the year 2020. (ECF No. 37-3.) Judge Baldwin's R&R found that this claim was moot; because the memo is no longer applicable after Passover 2020, there is no prospective injunctive or declaratory relief that could be ordered under RLUIPA. (ECF No. 43 at 10.)

A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir.2011) (per curiam). There is an exception to the mootness doctrine when a challenged action is "capable of repetition, yet evading review." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citations omitted). This exception to the mootness doctrine applies when (1) the challenged action is too short in duration to be fully litigated prior to its expiration and (2) there is a reasonable expectation that the injury will occur again. *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

In his objection, Plaintiff argues that the case is not moot because it is likely to recur, stating that there was an attempt to "do the same" during Passover in 2022. (ECF No. 44 at 8.) However, Plaintiff raised this for the first time in his objection to the magistrate judge's R&R and has presented no evidence in the record regarding an attempt to institute the same policy during Passover 2022. Plaintiff has not established that he is still subject to the policy that he challenges, thus, there is no reasonable expectation that the injury will occur again. *See Jackson v. Raemisch*, 726 F. Supp. 2d 991, 998 (W.D. Wis. 2010) (RLUIPA claim was moot where Plaintiff no longer worked in kitchen and thus was no longer subject to policy against prayer in kitchen); *Boles v. Neet*, 402 F. Supp. 2d 1237, 1240-41 (D. Colo. 2005), *aff'd*, 486 F.3d 1177 (10th Cir. 2007) (RLUIPA claim was moot where prison changed the challenged policy). Accordingly, the Court agrees with Judge Baldwin's determination that Plaintiff's RLUIPA claim is moot.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's objections to Judge Baldwin's Report and Recommendation (ECF No. 44) are OVERRULED.

It is further ordered that Judge Baldwin's Report and Recommendation that Defendants' motion for summary judgment be granted in part and denied in part (ECF No. 43), is ADOPTED.

It is further ordered that Defendants' motion for summary judgment (ECF No. 37) is GRANTED in part and DENIED in part as follows:

As to the **First Amendment Free Exercise Clause violation**, the Court GRANTS the motion as to Defendants Garrett, Potter, and Wickham, who should be DISMISSED based on a lack of personal participation, but DENIES the motion as to Defendants Davis and Williams.

As to the **First Amendment Establishment Clause violation**, the Court GRANTS the motion as to Defendants Garrett, Potter, and Wickham, who should

be DISMISSED based on a lack of personal participation, but DENIES the motion as to Defendants Davis and Williams.

As to the **RLUIPA claim**, the Court GRANTS the motion based on mootness of the claim.

As to the **Fourteenth Amendment equal protection claim**, the Court GRANTS the motion as to Defendants Garrett, Potter, and Wickham, who should be DISMISSED based on a lack of personal participation, but DENIES the motion as to Defendants Davis and Williams.

Defendants Garrett, Potter, and Wickham are to be DISMISSED from the entirety of this action.

In sum, the Court orders that **only the following claims proceed**:

(1) First Amendment Free Exercise Clause violation as to Defendants Davis and Williams.

(2) First Amendment Establishment Clause violation as to Defendants Davis and Williams.

(3) Fourteenth Amendment equal protection claim as to Defendants Davis and Williams.

Dated this 24th day of September, 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE