UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS WRAY HERNDON,

            Plaintiff,

    v.

STATE OF NEVADA ex rel, NDOC, et al.,

            Defendants.

Case No. 3:22-cv-271-ART-CLB

ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL
(ECF No. 51)

Plaintiff Thomas Herndon, currently incarcerated at Lovelock Correctional Center, has filed a motion for appointment of counsel in this *pro se* 1983 action. (ECF No. 51.) Mr. Herndon requests counsel because his case is proceeding to trial. Mr. Herndon cites his lack of legal education, learning disabilities, military service, auto accidents, and traumatic brain injury ("TBI") as reasons why counsel should be appointed. For the reasons discussed below, the Court grants Plaintiff's motion for appointment of counsel and refers this case to the pro bono program.

**I.     Legal Standard**

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. §1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. However, the Court will appoint counsel for indigent civil litigants only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the

legal issues involved. *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id.*

## II.    Analysis

Based on the Court's review of the record, there is at least some likelihood of success on the merits of Plaintiffs' claims. Plaintiff's First Amendment Free Exercise, First Amendment Establishment Clause, and Fourteenth Amendment equal protection claims have survived a summary judgment motion. (ECF No. 46.) The parties also engaged in a mediation session in which a settlement was not reached. (ECF No 8.)

There are also indications that Mr. Herndon may struggle to articulate his claims at trial, as he is currently incarcerated, has no legal education, and suffers from a learning disability and TBI. While Mr. Herndon represented himself during initial phases of this case, presenting a case to a jury pro se presents new and different challenges for a pro se litigant. "[W]hile a pro se plaintiff may be able to adequately articulate their claims on paper at the pretrial stage, presentation of evidence at trial requires greater knowledge of legal rules and procedures as well as increased technical skills in public speaking and presentation. Appointed counsel also can assist the court in handling the trial 'more efficiently and effectively.'" *Blanco v. Jacoby*, No. 3:20-CV-00050-ART-CRD, 2023 WL 2238850, at *3 (D. Nev. Feb. 27, 2023) (quoting *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam)); *see also Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out."). Additionally, Plaintiff's constitutional claims raise relatively complex legal and factual issues, such as the sincerity of Plaintiff's religious beliefs, the reasonableness of Defendants' regulations, and the alleged differential treatment by Defendants of Jewish inmates versus Messianic Jewish inmates.

Finding that exceptional circumstances exist, the Court grants Plaintiff's motion for appointment of counsel. This case is referred to the Pro Bono Program adopted in Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as pro bono counsel for Plaintiff. The scope of appointment shall be for the remainder of his case, including trial if necessary. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

### III.    Conclusion

It is hereby ordered that Plaintiff's Motion for Appointment of Counsel (ECF No. 51) is granted.

It is further ordered that this case is referred to the Pro Bono Program for appointment of counsel for the purposes identified herein.

It is further ordered that the Clerk shall also forward this order to the Pro Bono Liaison.

It is further ordered that all other deadlines related to this case are paused, pending the appointment of pro bono counsel.

It is further ordered that a status conference shall be set for Tuesday, April 8, 2025, at 10:00 a.m. in Reno Courtroom 6. At that hearing, the parties shall confer with the court on the status of the assignment of pro bono counsel.

Dated this 5th day of February 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3